IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-00957-CMA-MEH

ESTATE OF CLINT LONG, by and through its personal representative, Gage Long, and GAGE LONG,

    Plaintiffs,

v.

NATCORE HEALTHCARE INDUSTRIES, INC.,
DANIEL VAUGHT,
SHERIFF ALLEN COOPER, in his individual and official capacity,
THE BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF FREMOUNT,
ADAM BEATY,
DEREK IRVINE,
CARRIE HAMMEL, and
KAITLYNN ALCORN,

    Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (Doc. # 40)**

This matter is before the Court on the September 8, 2021, Recommendation of United States Magistrate Judge (Doc. # 40), wherein Magistrate Judge Michael E. Hegarty recommends that this Court grant in part and deny in part Defendants' Partial Motion to Dismiss (Doc. # 32). Plaintiffs timely filed a partial Objection to the Recommendation. (Doc. # 42.) For the following reasons, the Court overrules Plaintiffs' Objection and affirms and adopts the Recommendation.

## I.    BACKGROUND

The factual background of this case is set out at length in Judge Hegarty's Recommendation, which the Court incorporates herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only the facts necessary to address Plaintiffs' Objection to the Recommendation.

This is a 42 U.S.C. § 1983 case arising from the suicide of Clint Long, who was being held as a pretrial detainee at Fremont County Detention Center ("FCDC"). (Doc. # 28 at ¶ 1.) Defendant NatCore Healthcare Industries, Inc. ("NatCore") was contracted to provide medical services to people incarcerated in FCDC. (*Id.* at ¶ 18.) Defendants Daniel Vaught, Adam Beaty, and Kaitlynn Alcorn (collectively, with NatCore, the "NatCore Defendants") were responsible for providing medical care to Mr. Long during his detention at FCDC. (*Id.* at ¶¶ 19, 25, 26.)

Mr. Long was incarcerated intermittently at FCDC from October 2018 to the time of his death. (*Id.* at ¶ 44.) During his time at FCDC, Mr. Long submitted several kites to NatCore staff complaining of mental illness symptoms, including that he was hearing voices, and requesting mental health treatment. (Doc. # 40 at 2.)

On February 27, 2020, Mr. Long was again detained at FCDC. (Doc. # 28 at ¶ 60.) Throughout March 2020, Mr. Long had several incidents of self-harm and submitted multiple complaints to NatCore and FCDC staff relating to his mental health. *See* (Doc. # 40 at 3–7.) NatCore placed Mr. Long on a 30-minute medical watch, meaning he was to be checked on every half-hour. (Doc. # 28 at ¶ 63.) On March 29, 2020, Mr. Long submitted another kite to NatCore medical staff that read:

> i am and have been seeing dead people when I wake up in my cell at night. They aren't dangerous but knowing they are not real is quite disturbing. I need to see a psychiatrist asap. I ave been diagnosed since age 13 having ADD, BIPOLAR 1, AGROPHOBIA, MILD SCHIZOPHRENIA, and simce Panama, PTSD . . . Thank you, Mr Long. I think so?

(*Id.* at ¶ 154.) Defendant Alcorn reviewed the kite and responded to Mr. Long that she would forward it to mental health professionals. (*Id.* at ¶ 155.) However, Alcorn did not contact any mental health professional regarding the kite and did not record the kite in Mr. Long's medical records. (*Id.* at ¶¶ 156, 157.) Mr. Long committed suicide by hanging four days later, on April 2, 2020. (*Id.* at ¶¶ 162–72.)

Plaintiffs, Mr. Long's Estate and Mr. Long's son, Gage Long, initiated this action on April 2, 2021. (Doc. # 1.) In their Amended Complaint, Plaintiffs assert six claims for relief, including deliberate indifference to serious medical needs, failure to provide adequate medical care, and negligence resulting in wrongful death. *See* (Doc. # 28.)

The NatCore Defendants moved to dismiss Plaintiffs' first and third claims for relief pursuant to Fed. Civ. R. P. 12(b)(6) on July 22, 2021. (Doc. # 32.) With respect to the first claim, the NatCore Defendants argue that Plaintiffs have not plausibly pled a claim of deliberate indifference against individual Defendants Vaught, Beaty, and Alcorn because Plaintiffs have not shown the subjective component—*i.e.*, that Defendants actually knew of and disregarded Mr. Long's serious medical needs. (*Id.* at 12–14.) With respect to the third claim, NatCore argues that Plaintiffs have not plausibly pled a *Monell* municipal liability claim because there are insufficient factual allegations to show a policy or practice of deliberate indifference on the part of NatCore. (*Id.* at 14–15.)

The Court referred the NatCore Defendants' Partial Motion to Dismiss to Judge Hegarty, who issued his Recommendation on September 8, 2021. (Doc. # 40.) Therein, Judge Hegarty recommends that this Court deny the Motion as to the claims against Defendants NatCore, Vaught, and Beaty and grant the Motion as to the deliberate indifference claim against Defendant Alcorn. Plaintiffs timely objected to the part of the Recommendation relating to Defendant Alcorn (Doc. # 42), and Defendant Alcorn filed a response (Doc. # 43).

## II. LEGAL STANDARDS

### A. REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting the review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")).

**B.      FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Dismissal is appropriate under Rule 12(b)(6) if the plaintiff fails to state a claim upon which relief can be granted. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility in this context means that the plaintiff pled factual content which allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard is not a probability requirement, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). However, the Court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Tex. Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.


## III.     ANALYSIS

### A.     CLEAR ERROR REVIEW

As an initial matter, the Court notes that no party has objected to the portions of the Recommendation wherein Judge Hegarty recommends denying Defendants' Partial Motion to Dismiss as to the claims against NatCore, Vaught, and Beaty. In so recommending, Judge Hegarty determined that Plaintiffs plausibly pled a claim of deliberate indifference against Vaught and Beaty and a *Monell* claim of municipal liability against NatCore.

The Court has reviewed the relevant pleadings concerning the above claims as well as the Recommendation. Based on this review, the Court concludes that Judge Hegarty's thorough and comprehensive analyses and recommendations are correct, and there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(a); *Summers*, 927 F.2d at 1167 ("In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate."). Therefore, the Court affirms and adopts the applicable portions of the Recommendation and denies the NatCore Defendants' Partial Motion to Dismiss (Doc. # 32) with respect to the first and third claims for relief against Defendants Vaught, Beaty, and NatCore.

### B.     *DE NOVO* REVIEW

Judge Hegarty recommends dismissing Plaintiffs' first claim for relief against Defendant Alcorn on the basis that there are insufficient factual allegations to establish the subjective element of a deliberate indifference claim. (Doc. # 40 at 15–16.) Plaintiffs object, arguing that several factual allegations demonstrate Alcorn's subjective

awareness of Mr. Long's risk of suicide, including the March 29, 2020 kite that Alcorn reviewed and Alcorn's failure to follow FCDC policies and basic medical procedure. (Doc. # 42 at 11–13.) The Court agrees with Judge Hegarty.

"Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act deliberately and indifferently to serious medical needs of prisoners in their custody." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). To state a claim for deliberate indifference, the plaintiff must establish both an objective and a subjective component. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The objective element—the seriousness of the harm—is established where, as here, the prisoner committed suicide. *See Cox v. Glanz*, 800 F.3d 1231, 1240 n.3 (10th Cir. 2015). To prevail on the subjective component, the plaintiff must show that the defendant "knew [the prisoner] faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt*, 199 F.3d at 1224 (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). In cases of inmate suicides, "this is a **particularized** state of mind:" the plaintiff must show "actual knowledge by a prison official of an individual inmate's substantial risk of suicide." *Cox*, 800 F.3d at 1249. "[T]he negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006) (internal quotation marks omitted).

In his Recommendation, Judge Hegarty correctly observes that the allegations against Defendant Alcorn "are more limited" than those against the other individual NatCore Defendants. (Doc. # 40 at 15.) Specifically, the allegations against Defendant

7

Alcorn are restricted to the events of March 29, 2020, when Mr. Long wrote a kite stating that he was seeing dead people, that he needed to see a psychiatrist, and that he suffered from several mental health disorders. (Doc. # 28 at ¶¶ 154–159.) Alcorn reviewed the kite and told Mr. Long that she would forward it to mental health professionals, but she did not submit it to anyone and did not record it in Mr. Long's medical records. (*Id.*) Judge Hegarty determined that these allegations together establish that Alcorn knew Mr. Long was seeing hallucinations and wanted mental health treatment, but they did "not create a particularized knowledge that Mr. Long presented a substantial risk of suicide." (Doc. # 40 at 16) (citing *Cox*, 800 F.3d at 1251).

      The Court agrees with Judge Hegarty that the allegations against Defendant Alcorn are insufficient to show that Alcorn was "deliberately indifferent to a known risk that a pre-trial detainee will commit suicide." *Gaston v. Ploeger*, 229 Fed. Appx. 702, 708 (10th Cir. 2007) (unpublished). First, there are no allegations that Alcorn was aware of any incidents of self-harm by Mr. Long, and the kite that Alcorn reviewed did not include any indication of suicidal ideation or suicide risk. *Compare Heidel v. Mazzola*, 851 Fed. Appx. 837, 840 (10th Cir. 2021) (concluding that plaintiff did not establish the subjective component where no evidence suggested that the inmate mentioned her suicidal thoughts to prison officers and officers did not have knowledge about her risk of suicide), *with Shepard v. Hansford Cnty.*, 110 F. Supp. 3d 696, 709 (N.D. Tex. May 22, 2015) (finding genuine dispute of material fact as to subjective component when evidence showed the defendant prison official knew of the inmate's prior suicide attempt, suicidal ideation, and suicide watch status). While the allegations do show that

Alcorn was on notice that Mr. Long was suffering from hallucinations and other mental health problems, they do not demonstrate that Alcorn "possessed the kind of knowledge that, under controlling circuit precedent, could form the basis of a deliberate-indifference claim in the jail-suicide context." *Cox*, 800 F.3d at 1253.

Plaintiffs object that Alcorn should have inferred that Mr. Long presented a substantial risk of suicide because of her training. (Doc. # 42 at 11.) However, in order to be held liable for deliberate indifference, "the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer*, 511 U.S. at 837. Plaintiffs have not alleged that Alcorn knew of facts from which an inference of risk of suicide could be drawn other than the kite that Mr. Long submitted on March 29, 2020. The Court finds that it was possible for Alcorn to have drawn other inferences from that kite, including that Mr. Long was exhibiting mental health problems that did not raise concern of a particularized risk of suicide. *See Cox*, 800 F.3d at 1253 (finding no deliberate indifference where an inmate's "symptoms were susceptible to a number of interpretations; suicide may well have been one possibility, but the facts known to those with whom he interacted did not establish that it was a substantial one"). Accordingly, the Court does not find that Alcorn necessarily should have drawn an inference of a substantial risk of suicide from the kite she reviewed on March 29, 2020.

Further, Plaintiffs object that Alcorn's disregard of her training and relevant policies in failing to forward the kite to mental health professionals or record it in Mr. Long's medical records is sufficient to show deliberate indifference. (Doc. # 42 at 13.)

9

The Court agrees with Judge Hegarty that Alcorn's failure to take further action after receiving the kite may demonstrate negligence; however, negligence is not the standard for a deliberate indifference claim. *See Farmer*, 511 U.S. at 835 ("Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)); *Heidel*, 851 Fed. Appx. at 840 ("[T]he officers' failure to follow jail procedures does not equate with a constitutional violation.").

In light of the lack of allegations relating to Alcorn's particularized knowledge of the risk posed by Mr. Long to commit suicide, the Court finds that Plaintiffs have failed to plausibly plead a claim of deliberate indifference against Alcorn. The Court therefore affirms and adopts Judge Hegarty's Recommendation and grants Defendants' Partial Motion to Dismiss with respect to the first claim for relief against Defendant Alcorn.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Objection (Doc. # 42) is OVERRULED. Judge Hegarty's Recommendation (Doc. # 40) is AFFIRMED and ADOPTED as an Order of this Court. It is

FURTHER ORDERED that Defendants' Partial Motion to Dismiss (Doc. # 32) is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED with respect to Plaintiffs' first claim for relief against Defendant Alcorn. The first claim for relief against Defendant Alcorn is DISMISSED WITH PREJUDICE for failure to state a claim.[1] The

---

[1] The Court agrees with Judge Hegarty that dismissal with prejudice is appropriate in this case. "In dismissing a complaint for failure to state a claim, the Court should grant leave to amend freely if it appears at all possible that the plaintiff can correct the defect." *Triplett v. Leflore Cnty.*,

Motion is DENIED with respect to Plaintiffs' first and third claims for relief against Defendants Vaught, Beaty, and NatCore.

DATED: December 15, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

*Okla.*, 712 F.2d 444, 446 (10th Cir. 1983) (internal quotation marks omitted). However, Plaintiffs are represented by counsel, have already amended their Complaint once, and have not attempted to amend it again. The Court will not, therefore, act *sua sponte* to grant Plaintiffs leave to amend. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1318 (11th Cir. 1999) ("Although leave to amend should be liberally granted, a trial court is not required to sua sponte grant leave to amend prior to making its decision [to dismiss].").